UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GARY HECKEL,<br><br>Defendant. | CR. 22-50141-JLV<br><br>ORDER SETTING TRIAL DATE AND RELATED MATTERS |

**READ THIS ORDER – EXPERT DISCLOSURE DEADLINES HAVE CHANGED**

Defendant moves for a continuance. The government has no objection. The court finds that the ends of justice served by continuing this trial outweigh the best interests of the public and the defendant in a speedy trial insofar as defense counsel has made known to the court that additional time is needed to complete the investigation and to prepare for trial. Therefore, it is

ORDERED that defendant's motion is granted and the following deadlines shall apply:

| | |
|---|---|
| Applications for Writ of Habeas Corpus Ad Testificandum | April 7, 2023 |
| Other motions/continuance motions | April 7, 2023 |
| Responses to motions due | Within seven days after motion is filed |
| Produce all records, recordings and reports associated with Fed. R. Evid. 412, 413 and 415 | April 7, 2023 |
| Disclosure of all expert information required by D.S.D. Standing Order 22-06(1) | April 11, 2023 |
| Subpoenas for trial | April 14, 2023 |

| | |
|---|---|
| Plea agreement or petition to plead and statement of factual basis | April 14, 2023 |
| Notify court of status of case and file a joint notice of speedy trial calculation | April 14, 2023 |
| Motions *in limine* | April 14, 2023 |
| Proposed jury instructions due | April 14, 2023 |
| File <u>Daubert</u>[1] challenges to experts | April 14, 2023 |
| Response to motions *in limine* and proposed jury instructions due | April 19, 2023 |
| <u>Daubert</u> hearing, if needed | Monday, April 24, 2023 at 9 a.m. |
| Pretrial conference | Monday, April 24, 2023 at 9 a.m. |
| Disclosure of all rebuttal expert information required by D.S.D. Standing Order 22-06(2) | April 25, 2023 |
| Jury Trial | Tuesday, May 2, 2023 at 9 a.m. |

IT IS FURTHER ORDERED that no continuances will be granted without a showing of exceptional circumstances.

IT IS FURTHER ORDERED that pursuant to the Due Process Protections Act, Pub. L. No. 116-182, 116th Cong., 2d Sess. (October 21, 2020) (codified at Fed. R. Crim. P. 5(f)), the United States is obligated to disclose to the defendant all exculpatory evidence–that is, evidence that favors the defendant or casts doubt on the government's case as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its progeny, as well as impeachment evidence as required by <u>United States v. Bagley</u>, 473 U.S. 667 (1985), and its progeny. Failure to disclose exculpatory or impeachment evidence in a timely manner may result in consequences, including but not limited to exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary actions or sanctions by the court.

The parties are instructed that:

---

[1]<u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 592 (1993).

1. Proposed jury instructions with citations to authority shall be filed by **April 14, 2023**. Submit only substantive instructions pertaining to the law of the case; do not submit standard or boilerplate instructions. Proposed instructions shall be numbered and shall contain a table of contents.

2. The court will provide to the parties by e-mail the proposed preliminary jury instructions prior to the pretrial conference. Any objections to the proposed preliminary instructions shall be raised during the pretrial conference.

3. Counsel shall provide to the Clerk of Court but not file exhibit and witness lists by **noon the Friday prior to the pretrial conference**. These lists will not be disclosed to the opposing party.

4. By **noon the Friday prior to the pretrial conference** counsel shall provide to the court copies of exhibits to be introduced at trial.

5. Counsel shall contact the Clerk of Court five (5) business days prior to trial for instruction on the use of courtroom technology, if needed.

6. Counsel may make a motion requesting a copy of the jury list five (5) days in advance of an upcoming trial.

The period of delay resulting from this continuance is excluded in computing the time within which the trial of the case must commence. 18 U.S.C. § 3161(h)(7)(A).

Defense counsel must file with the clerk within fourteen (14) days of this order a written consent to the continuance and waiver of the Speedy Trial Act signed by the defendant.

All other provisions of the court's scheduling and case management order (Docket 17) remain in effect unless specifically changed.

Dated January 17, 2023.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE